IN THE MATTER OF THE ESTATE OF MARY H. CATHCART, DECEASED.

No. 1693.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. E. K. MASSEE, JUDGE.

SUBMITTED NOVEMBER 4, 1926.            DECIDED DECEMBER 2, 1926.

PERRY, C. J., BANKS AND PARSONS, JJ.

COSTS—*security for—probate proceedings.*

In a proceeding for the probate of a will, before a circuit judge at chambers, the court has authority, under R. L. 1925, section 2248, subsection 10, to require of a contestant security for costs.

Mary H. Cathcart died in Honolulu in January, 1925, being at that time a resident of Honolulu, and left property within the Territory of Hawaii. Under the will Alice R. Thompson was named as sole beneficiary and executrix. The executrix named in the will filed the usual petition for the admission of the will to probate and the issuance of letters testamentary. Subsequently Alexander Cathcart, brother-in-law of the deceased and beneficiary under an earlier will, entered his appearance and instituted a contest of the document offered for probate by the petitioner. Contestant is a resident of Minnesota and is claimed to have no property in Hawaii. Upon the institution of the contest the proponent of the will moved in the probate court that the contestant be required to give security for costs in the amount of $1000. The motion was denied; and the matter now comes to this court on an interlocutory appeal, allowed by the circuit judge sitting in probate.

Two questions arise, one being whether the circuit judge sitting in probate has authority, either statutory or inherent, to require of the contestant the security demanded and the other being whether the circuit judge exercised the discretionary power vested in him, if it was so vested.

The judges of the several circuit courts are by statute given "power at chambers within their respective jurisdictions, but subject to appeal to the circuit and supreme courts, according to law," among other things "to grant probate of wills, to appoint administrators and guardians, and to compel executors, administrators and guardians to perform their respective trusts and to account in all respects for the discharge of their official duties; to remove any executor, administrator or guardian; to determine the heirs at law of deceased persons and to decree the distribution of intestate estates." R. L. 1925, Sec. 2248. By the same statute they were given power, in

another subsection, "to require either the plaintiff or defendant, upon the application of the opposite party, to give security for costs in any civil cause, upon such terms and conditions as the judge shall deem just." This statute authorizes the granting of such a motion as that under consideration. The matter of an application for the probate of a will and the contest thereof is, beyond any doubt, a civil proceeding as distinguished from a criminal proceeding. It is equally clear that it is a "cause." The word "cause," while susceptible of other meanings, is often used by courts and lawyers, as well as by laymen, as having the same meaning as the word "case," that is, a judicial proceeding. A petition for the probate of a will, whether contested or uncontested, is ordinarily referred to as a "case" or a "cause." The mere fact that the words "the plaintiff" and "the defendant" are used in the same subsection as denoting the parties to the "civil cause" does not militate against this view, even though ordinarily the parties to a contest of a will are referred to as proponent and contestant and not as plaintiff and defendant. The correct definitions of the word "plaintiff" and of the word "defendant" are broad enough, the first to include any party properly before the court asking for relief and the second any party before the court resisting the plaintiff's request for the relief prayed for. All possible doubt, however, on the subject is removed by the provisions of section 2249, which prescribe certain limitations to the jurisdiction of circuit judges in chambers. That section reads in part as follows: "Provided, however, that the power and jurisdiction of circuit courts and circuit judges in chambers relating to *causes of a civil nature* as hereinbefore defined, shall be limited as follows: * * * Fourth. *Proceedings for the probate of wills,* for the appointment of administrators and trustees of the estates of deceased persons, * * * and for all matters relating to the admin-

istration and settlement of estates of deceased persons, shall be brought only in the circuit where the deceased had his last domicile,"—with an additional proviso not now material. In other words, the statute contains its own dictionary of the terms used. The "causes of a civil nature" (Sec. 2249) which are mentioned in section 2248, include, as one of them, "proceedings for the probate of wills" and the contest thereof.

The ruling of the trial judge on the motion was in writing. After reciting the motion he said: "In this jurisdiction, reasonable expenses incurred by an executor in defending the validity of a will against the attack of a contestant, become a proper charge against the estate. *Estate of Afong*, 26 Haw. 337. The motion is denied." In the *Afong* case thus cited, this court held that the fees of the attorneys for the contestant were properly chargeable, under the circumstances of that case, to the estate left by the decedent. It did not, however, go as far as to hold that under no circumstances could the costs of an unsuccessful contest of a will be properly charged against the contestant. That question was not considered or referred to. There may be instances in which fairness and justice require that the costs be borne by an unsuccessful contestant. No other reason having been given by the circuit judge for his denial of the motion, the ruling would seem to have proceeded upon a mistaken view of the law laid down in the *Afong* case and not to have been based upon the particular circumstances of the case at bar. In other words, there was no exercise of discretion by the trial judge.

The ruling appealed from is reversed and the cause is remanded to the trial judge with instructions to consider the material circumstances of the case and then to rule upon the motion in the exercise of a judicial discretion.

*Thompson, Cathcart & Beebe* for proponent.

*F. Schnack* for contestant.